**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

HARTFORD FIRE INSURANCE COMPANY, )
   *as subrogee of Leslie Miller DDS*, )   State Court Case No.:
)   2020-CV-000189
   Plaintiff, )
)   **Federal Court Case No**.:
   v. )
)
DESIGNS FOR VISION, INC., )
)   **JURY TRIAL DEMANDED**
BRASSELER USA, INC., )
)
NSK AMERICAS, INC., )
)
FORWARD SCIENCE, LLC, )
)
VECTOR R&D, INC., )
)
   Defendants. )

## <u>NOTICE OF REMOVAL</u>

COMES NOW, Defendant Vector R&D, Inc., (hereinafter referred to as "Defendant"), by and through undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and hereby files its Notice of Removal of the above captioned matter to the United States District Court for the District of Kansas. Defendant states the following grounds supporting removal:

1.     The above captioned matter was first filed in the District Court of Douglas County, Kansas, case number 2020-CV-000189, on July 21, 2020, and Defendant was served with a summons and Plaintiff's action on or about July 27, 2020.

2.     Pursuant to 28 U.S.C. § 1446, this Notice of Removal is timely filed with this Court in so far as removal is sought within 30 days of Defendant's receipt of the state court issued summons.

3.      This case involves an alleged fire loss for which Plaintiff, as a subrogee of its insured, is seeking repayment of costs paid following said loss in Douglas County, Kansas. (*See* **Exhibit A**, Plaintiff's Petition).

4.      Plaintiff is a Connecticut entity with its principal place of business located in Hartford, Connecticut; therefore, Plaintiff is a resident of the State of Connecticut for purposes of determining diversity jurisdiction. (*See* **Exhibit A**, Plaintiff's Petition).

5.      Defendant Vector R&D, Inc. is organized under the laws of the State of Washington, with its principal place of business located in the State of Washington. Vector is, therefore, a citizen of the State of Washington for the purposes of determining diversity jurisdiction.

6.      The citizenship of all other named co-Defendants to this cause are as follows:

a.      Defendant Designs for Vision, Inc. is organized and existing under the laws of the State of New York, with its principal place of business located in the State of New York. Designs for Vision is, therefore, a citizen of the State of New York for the purposes of determining diversity jurisdiction.

b.      Defendant Brasseler USA, Inc. is organized and existing under the laws of the State of Georgia, with its principal place of business located in the State of Georgia. Brasseler is, therefore, a citizen of the State of Georgia for the purposes of determining diversity jurisdiction.

c.      Defendant NSK Americas, Inc. is organized and existing under the laws of the State of Delaware, with its principal place of business located in the State of Michigan. NSK is, therefore, a citizen of the states of Delaware and Michigan for the purposes of determining diversity jurisdiction.

d.      Defendant Forward Science, LLC is a Texas limited liability company, whose ultimate member, Forward Science Holdings, Inc., is organized and existing under the laws of the State of Texas, with its principal place of business located in the State of Texas. Forward Science is, therefore, a citizen of the State of Texas for the purposes of determining diversity jurisdiction.

7.      While not pleading a specific monetary demand in Plaintiff's Petition, Plaintiff alleges in its Petition that the total amount of monetary damages claimed in this suit is "in excess of $75,000." (*See* **Exhibit A**, Plaintiff's Petition).

8.      Therefore, as no plaintiff is the citizen of the same state as any named defendant, complete diversity exists and this case is properly removable pursuant to 28 U.S.C. § 1332(a)(1) in that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

9.      Pursuant to D. Kan. Rule 81.1(c), Defendant certifies that on the date of filing of this Notice of Removal, it simultaneously filed a Notice to the State Court of Removal in the above-referenced state court matter, with a true and accurate copy of this Notice of Removal as well as proof of filing, attached as an exhibit, proof of which is attached hereto as **Exhibit B**.

10.     Additionally, and pursuant to D. Kan. Rule 81.2, Defendant certifies that it has attached a copy of all filings entered in the state court to this Notice, attached hereto as **Exhibit A**.

Respectfully submitted,
**McCOY LEAVITT LASKEY LLC**
Attorneys for the Defendant, Vector R&D, Inc.

Dated: <u>August 14, 2020</u>          By: <u>  /s/ John G. Hansen</u>
                                        John G. Hansen          KS SBN 23184
                                        8700 Monrovia Street, Suite 310J
                                        Lenexa, KS  66215
                                        Telephone (913) 647-7504
                                        Fax (262) 522-7020


### CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August, 2020, I sent the foregoing via U.S. Mail and I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record and a copy was mailed via regular U.S Mail to:

Court T. Kennedy                         Designs for Vision, Inc.
Gates, Shields, Ferguson, Swall, Hammond, P.A.   4000 Veterans Memorial Highway
10990 Quivira, Suite 200                 Bohemia, New York 11716-1024
Overland Park, KS 66210
*Attorneys for Plaintiff*                NSK Americas, Inc.
                                         CSC-Lawyers Incorporating
Brasseler USA, Inc.                      601 Abbot Road
c/o John Patterson                       East Lansing, Michigan 48823
Baker Sterchi Cowden & Rice, LLC
2400 Pershing Road, Suite 500
Kansas City, MO 64108

                                         <u>         /s/ John G. Hansen         </u>

4



### 2020-CV-000189 : Hartford Fire Insurance Company as subrogee of Les vs. Designs for Vision, Inc., et al.

DISTRICT COURTS - Douglas County District Court

| | |
|---|---|
| **Case Number** | 2020-CV-000189 |
| **Case Type** | Other Tort |
| **Opened** | |
| **Status** | Active |

⊞ Show/Hide Participants

| | |
|---|---|
| **Plaintiff** | Hartford Fire Insurance Company as subrogee of Les |
| **Defendant** | Designs for Vision, Inc. et al |
| **Judge** | B. Kay Huff, Division 3 - Division KHUFF |

| File Date | Case History |
|---|---|
| 07-21-2020 | Summons PLE: Summons |
| 07-21-2020 | Summons PLE: Summons |
| 07-21-2020 | Petition PLE: Petition |
| 07-21-2020 | Summons PLE: Summons |
| 07-21-2020 | Summons PLE: Summons |
| 07-21-2020 | Summons PLE: Summons |
| 08-05-2020 | EOA-KES INF: Entry of Appearance |
| 08-06-2020 | Return of Service RET: Return of Service |
| 08-06-2020 | Return of Service RET: Return of Service |
| 08-10-2020 | Served - Brasseler USA, Inc RET: Return of Service |
| 08-10-2020 | Served - Designs for Vision, Inc RET: Return of Service |
| 08-14-2020 | Entry of Appearance NOT: Notice - No Sheriff Service Required |

**EXHIBIT A**

ELECTRONICALLY FILED
2020 Jul 21 PM 4:20
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER:  2020-CV-000189

Hartford Fire Insurance Company as subrogee of Lee

vs.

Designs for Vision, Inc. et. al.

**SUMMONS**

To the above-named Defendant/Respondent:

**Forward Science LLC d/b/a Oral ID**
**Brian M. Pikkula**
**10401 Greenbough Drive**
**Suite 100**
**Stafford, TX  77477**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Court T. Kennedy
10990 Quivira
Suite 200
Overland Park, KS 66210

within 21 days after service of summons on you.

Clerk of the District Court
Electronically signed  on 07/22/2020 09:14:01 AM

**Documents to be served with the Summons:**
PLE: Petition Petition

ELECTRONICALLY FILED
2020 Jul 21 PM 4:20
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-000189

Hartford Fire Insurance Company as subrogee of Leg

vs.

Designs for Vision, Inc. et. al.

**SUMMONS**

To the above-named Defendant/Respondent:

**Vector R&D, Inc.**
**Michael McAleenan**
**1501 Dock Street**
**Tacoma, WA  98402-3209**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Court T. Kennedy
10990 Quivira
Suite 200
Overland Park, KS 66210

within 21 days after service of summons on you.

Clerk of the District Court
Electronically signed  on 07/22/2020 09:14:01 AM

**Documents to be served with the Summons:**
PLE: Petition Petition

ELECTRONICALLY FILED
2020 Jul 21 PM 4:20
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-000189

## IN THE SEVENTH JUDICIAL DISTRICT
## DISTRICT COURT OF DOUGLAS COUNTY, KANSAS
## CIVIL DIVISION

| | | |
|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY, as subrogee of Leslie Miller DDS, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: Division No.: |
| v. | ) ) | |
| DESIGNS FOR VISION, INC.; 4000 Veterans Memorial Highway Bohemia, New York 11716-1024 | ) ) ) ) | |
| BRASSELER USA, INC.; Registered Agent:   Corporation Service Company                          40 Technology Parkway South                          Suite 300                          Norcross, Georgia 30092 | ) ) ) ) ) ) | |
| NSK AMERICAS INC.; Registered Agent:   CSC-Lawyers Incorporating                          Service Company                          601 Abbot Road                          East Lansing, Michigan 48823 | ) ) ) ) ) | |
| FORWARD SCIENCE LLC d/b/a ORAL ID; and Registered Agent:   Brian M. Pikkula                          10401 Greenbough Drive                          Suite 100                          Stafford, Texas 77477 | ) ) ) ) ) ) | |
| VECTOR R&D, INC., Registered Agent:   Michael McAleenan                          1501 Dock Street                          Tacoma, Washington 98402-3209 | ) ) ) ) ) | |
| Defendants. | ) ) | |

## **PETITION**

COMES NOW Plaintiff, Hartford Fire Insurance Company, as subrogee of Leslie Miller

DDS ("Plaintiff"), by and through the undersigned attorney and for its causes of action against

Defendants Brasseler USA, Inc.; NSK Americas, Inc.; Designs for Vision, Inc.; Forward Science LLC d/b/a Oral ID; and Vector R&D, Inc., states and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff is a Connecticut entity with its principal place of business in Hartford, Connecticut.

2.      Defendant Designs for Vision, Inc. (hereinafter "DFV") was a New York corporation with its principal place of business in Bohemia, New York.

3.      Defendant Brasseler USA, Inc. (hereinafter "Brasseler") was a Georgia corporation with its principal place of business in Savannah, Georgia.

4.      Defendant NSK Americas, Inc. (hereinafter "NSK") was a Delaware corporation with its principal place of business in Ann Arbor, Michigan.

5.      Defendant Forward Science LLC d/b/a Oral ID (hereinafter "Forward") was a Texas corporation with its principal place of business in Stafford, Texas.

6.      Defendant Vector R&D, Inc. (hereinafter "Vector") was a Washington corporation with its principal place of business in University Place, Washington.

7.      Venue and jurisdiction are proper in this Court, as the acts and omissions giving rise to the claims stated herein occurred in Douglas County, Kansas.

## FACTS

8.      Leslie Miller, DDS operates a dental facility located at 545 Columbia Drive in Lawrence, Kansas (the "Property.")

9.      At all times relevant, Plaintiff provided insurance coverage to Leslie Miller, DDS for the business operations at the Property.  A copy of the insurance policy is incorporated herein by reference and available upon request.

10.     Mr. Miller utilizes equipment manufactured and/or distributed by Defendants at the Property as follows:

     a.   DFV manufactured and/or distributed a battery-operated LED headlight utilized at the Property;

     b.   Brasseler USA, Inc. was involved with the manufacturing and/or distribution of a battery-operated endosequence cordless micromotor utilized at the Property;

     c.   NSK was involved with the manufacturing and/or distribution of a battery-operated endosequence cordless micromotor utilized at the Property;

     d.   Forward manufactured and/or distributed a battery-operated cancer screening device utilized at the Property;

     e.   Vector manufactured and/or distributed a battery-operated LED turbo dental cordless curing light utilized at the Property;

     f.   Tact-Air manufactured and/or distributed a battery-operated ionizer model 10-8 utilized at the Property;

11.     On or about August 25, 2018, a fire occurred at the Property.

12.     The fire originated with the battery(ies) from one of the items manufactured and/or distributed by Defendants.

13.     The fire caused extensive damage to the Property and shut down operations for a significant length of time.

14.     Pursuant to its obligations under the Policy, Plaintiff made payments to, and on behalf of, Leslie Miller, DDS for the damages incurred.  Plaintiff is subrogated to its insureds' interests to the extent of its payments.

3

## COUNT I - STRICT PRODUCT LIABILITY AGAINST DESIGNS FOR VISION

15.     Plaintiff incorporates by reference all the above paragraphs as if fully restated herein.

16.     DFV is in the business of designing, manufacturing, and/or distributing a battery-operated LED headlight, and did in fact design, manufacture, and distribute one or more headlights that were within the fire's area of origin at the Property.

17.      The LED headlight was in a defective and unreasonably dangerous condition when DFV placed it into the stream of commerce.

18.     The LED headlight was delivered to Leslie Miller, DDS without substantial change and in the condition in which it was designed, manufactured, and distributed.

19.     At all times relevant, the LED headlight was being used in the normal course of operation for the purpose in which it was intended.

20.     However, during normal operation, the LED headlight failed catastrophically and ignited a fire.

21.     As the designer, manufacturer, and/or distributor of the LED headlight, DFV had a duty to all those who could be foreseeably injured by its product to not sell any LED headlight that could cause damage through no fault of the user.

22.     DFV fell short of this duty when it failed to provide a defect-free LED headlight that could safely operate.

23.     The LED headlight was defectively designed for many reasons, including the fact it failed catastrophically instead of simply failing to operate.

24.     In the alternative, the LED headlight was improperly manufactured such that the LED headlight deviated from the design specifications and performance standards for otherwise identical products.

4

25.     In the alternative, DFV did not adequately warn its customers, including Leslie Miller, DDS, that the LED headlight was defective and unreasonably dangerous when put to a reasonably anticipated use.

26.     As a direct and proximate result of the defective LED headlight, Plaintiff incurred damages in excess of Seventy-Five Thousand Dollars ($75,000).

## COUNT II – BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES AGAINST DESIGNS FOR VISION

27.     Plaintiff incorporates by reference all the above paragraphs as if fully restated herein.

28.     In addition to designing, manufacturing, and/or distributing LED headlines, DFV also was in the business of selling, marketing, and/or advertising its products to customers, including the LED headlight at issue.

29.     In so selling, marketing and/or advertising these products, DFV made various express and/or implied warranties about the performance of the products, including the LED headlight at issue.

30.     DFV violated these warranties in many ways, including but not limited to the following:

   a. Designing the LED headlight in such a way that made it defective and unreasonably dangerous when put to a reasonably anticipated use;

   b. Manufacturing the LED headlight in such a way that left it defective and unreasonably dangerous when put to a reasonably anticipated use;

   c. Failing to adequately warn customers against the fact the LED headlight was defective and unreasonably dangerous when put to a reasonably anticipated use; and

5

     d.  Otherwise violating its express and/or implied warranties.

31.    As a direct and proximate result of these breach of warranties, Plaintiff incurred damages in excess of Seventy-Five Thousand Dollars ($75,000).

## COUNT III – NEGLIGENCE AGAINST DESIGNS FOR VISION

32.    Plaintiff incorporates by reference all the above paragraphs as if fully restated herein.

33.    DFV is in the business of designing, manufacturing, distributing, selling, marketing, and/or selling LED headlights.  In doing so, DFV owed a duty of reasonable care to customers like Leslie Miller DDS.

34.    DFV violated this duty in many ways, including but not limited to the following:

    a.  Designing the LED headlight in such a way that made it defective and unreasonably dangerous when put to a reasonably anticipated use;

    b.  Manufacturing the LED headlight in such a way that left it defective and unreasonably dangerous when put to a reasonably anticipated use;

    c.  Failing to adequately warn customers against the fact the LED headlight was defective and unreasonably dangerous when put to a reasonably anticipated use; and

    d.  Otherwise violating its duty of reasonable care.

35.    As a direct and proximate result of this negligence, Plaintiff incurred damages in excess of Seventy-Five Thousand Dollars ($75,000).

## COUNT IV – STRICT PRODUCT LIABILITY AGAINST BRASSELER USA, INC. AND NSK AMERICAS, INC.

36.    Plaintiff incorporates by reference all the above paragraphs as if fully restated herein.

37.     Brasseler and NSK are in the business of designing, manufacturing, and/or distributing a battery-operated endosequence micromotor, and did in fact design, manufacture, and distribute the micromotor that was within the fire's area of origin at the Property.

38.     Upon information and belief, NSK designs and manufactures the micromotor and then provides the micromotor to Brasseler for labeling, marketing, and distribution.

39.     The micromotor was in a defective and unreasonably dangerous condition when Brasseler and NSK placed it into the stream of commerce.

40.     The micromotor was delivered to Leslie Miller, DDS without substantial change in the condition in which it was designed, manufactured, and distributed.

41.     At all times relevant, the micromotor was being used in the normal course of operation and for the purpose in which it was intended.

42.     However, during normal operation, the micromotor failed catastrophically and ignited a fire.

43.     As the designer, manufacturer, and/or distributor of the micromotor, Brasseler and NSK had a duty to all those who could be foreseeably injured by its product to not sell any micromotor that could cause damage through no fault of the user.

44.     Brasseler and NSK fell short of this duty when it failed to provide a defect-free micromotor that could safely operate.

45.     The micromotor was defectively designed for many reasons, including the fact it failed catastrophically instead of simply failing to operate.

46.     In the alternative, the micromotor was improperly manufactured such that the micromotor deviated from the design specifications and performance standards for otherwise identical products.

7

47.     In the alternative, Brasseler and NSK did not adequately warn their customers, including Leslie Miller, DDS, that the micromotor was defective and unreasonably dangerous when put to a reasonably anticipated use.

48.     As a direct and proximate result of the defective micromotor, Plaintiff incurred damages in excess of Seventy-Five Thousand Dollars ($75,000).

## CAUSE OF ACTION V - BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES AGAINST BRASSELER USA, INC. AND NSK AMERICAS, INC.

49.     Plaintiff incorporates by reference all the above paragraphs as if fully restated herein.

50.     In addition to designing, manufacturing, and/or distributing micromotors, Brasseler and NSK also were in the business of selling, marketing, and/or advertising their products to customers, including the micromotor at issue.

51.     In so selling, marketing and/or advertising these products, Brasseler and NSK made various express and/or implied warranties about the performance of the products, including the micromotor at issue.

52.     Brasseler and NSK violated these warranties in many ways, including but not limited to the following:

      a.  Designing the micromotor in such a way that made it defective and unreasonably dangerous when put to a reasonably anticipated use;

      b.  Manufacturing the micromotor in such a way that left it defective and unreasonably dangerous when put to a reasonably anticipated use;

      c.  Failing to adequately warn customers against the fact the micromotor was defective and unreasonably dangerous when put to a reasonably anticipated use; and

      d.  Otherwise violating its express and/or implied warranties.

53.     As a direct and proximate result of these breach of warranties, Plaintiff incurred damages in excess of Seventy-Five Thousand Dollars ($75,000).

## CAUSE OF ACTION VI - NEGLIGENCE AGAINST BRASSELER USA, INC. AND NSK AMERICAS, INC.

54.     Plaintiff incorporates by reference all the above paragraphs as if fully restated herein.

55.     Brasseler and NSK are in the business of designing, manufacturing, marketing, and/or distributing micromotors.  In doing so, Brasseler and NSK owed a duty of reasonable care to customers like Leslie Miller DDS.

56.     Brasseler and NSK violated this duty in many ways, including but not limited to the following:

  a.  Designing the micromotor in such a way that made it defective and  unreasonably dangerous when put to a reasonably anticipated use;

  b.  Manufacturing the micromotor in such a way that left it defective and unreasonably dangerous when put to a reasonably anticipated use;

  c.  Failing to adequately warn customers against the fact the micromotor was defective and unreasonably dangerous when put to a reasonably anticipated use; and

  d.  Otherwise violating its duty of reasonable care.

57.     As a direct and proximate result of this negligence, Plaintiff incurred damages in excess of Seventy-Five Thousand Dollars ($75,000).

## COUNT VII - STRICT PRODUCT LIABILITY AGAINST FORWARD SCIENCE

58.     Plaintiff incorporates by reference all the above paragraphs as if fully restated herein.

9

59.     Forward is in the business of designing, manufacturing, and/or distributing a battery-operated cancer screening device, and did in fact design, manufacture, and distribute the screening device that was within the fire's area of origin at the Property.

60.     The screening device was in a defective and unreasonably dangerous condition when Forward placed it into the stream of commerce.

61.     The screening device was delivered to Leslie Miller, DDS without substantial change in the condition in which it was designed, manufactured, and distributed.

62.     At all times relevant, the screening device was being used in the normal course of operation and for the purpose in which it was intended.

63.     However, during normal operation, the screening device failed catastrophically and ignited a fire.

64.     As the designer, manufacturer, and/or distributor of the screening device, Forward had a duty to all those who could be foreseeably injured by its product to not sell any screening devices that could cause damage through no fault of the user.

65.     Forward fell short of this duty when it failed to provide a defect-free screening device that could safely operate.

66.     The screening device was defectively designed for many reasons, including the fact it failed catastrophically instead of simply failing to operate.

67.     In the alternative, the screening device was improperly manufactured such that the screening device deviated from the design specifications and performance standards for otherwise identical products.

68.     In the alternative, Forward did not adequately warn its customers, including Leslie Miller, DDS, that the screening device was defective and unreasonably dangerous when put to a reasonably anticipated use.

10

69.     As a direct and proximate result of the defective screening device, Plaintiff incurred damages in excess of Seventy-Five Thousand Dollars ($75,000).

## COUNT VIII – BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES AGAINST FORWARD SCIENCE

70.     Plaintiff incorporates by reference all the above paragraphs as if fully restated herein.

71.     In addition to designing, manufacturing, and/or distributing screening device, Forward also was in the business of selling, marketing, and/or advertising its products to customers, including the screening device at issue.

72.     In so selling, marketing and/or advertising these products, Forward made various express and/or implied warranties about the performance of the products, including the screening device at issue.

73.     Forward violated these warranties in many ways, including but not limited to the following:

a.  Designing the screening device in such a way that made it defective and unreasonably dangerous when put to a reasonably anticipated use;

b.  Manufacturing the screening device in such a way that left it defective and unreasonably dangerous when put to a reasonably anticipated use;

c.  Failing to adequately warn customers against the fact the screening device was defective and unreasonably dangerous when put to a reasonably anticipated use; and

d.  Otherwise violating its express and/or implied warranties.

74.     As a direct and proximate result of these breach of warranties, Plaintiff incurred damages in excess of Seventy-Five Thousand Dollars ($75,000).

11

## COUNT IX – NEGLIGENCE AGAINST FORWARD SCIENCE

75.     Plaintiff incorporates by reference all the above paragraphs as if fully restated herein.

76.     Forward is in the business of designing, manufacturing, distributing, selling, marketing, and/or selling screening device.  In doing so, Forward owed a duty of reasonable care to customers like Leslie Miller DDS.

77.     Forward violated this duty in many ways, including but not limited to the following:

a.  Designing the screening device in such a way that made it defective and unreasonably dangerous when put to a reasonably anticipated use;

b.  Manufacturing the screening device in such a way that left it defective and unreasonably dangerous when put to a reasonably anticipated use;

c.  Failing to adequately warn customers against the fact the screening device was defective and unreasonably dangerous when put to a reasonably anticipated use; and

d.  Otherwise violating its duty of reasonable care.

78.     As a direct and proximate result of this negligence, Plaintiff incurred damages in excess of Seventy-Five Thousand Dollars ($75,000).

## COUNT X - STRICT PRODUCT LIABILITY AGAINST VECTOR

79.     Plaintiff incorporates by reference all the above paragraphs as if fully restated herein.

80.     Vector is in the business of designing, manufacturing, and/or distributing a battery-operated LED turbo dental cordless curing light, and did in fact design, manufacture, and distribute the curing light that was within the fire's area of origin at the Property.

12

81.     The curing light was in a defective and unreasonably dangerous condition when Forward placed it into the stream of commerce.

82.     The curing light was delivered to Leslie Miller, DDS without substantial change in the condition in which it was designed, manufactured, and distributed.

83.     At all times relevant, the curing light was being used in the normal course of operation and for the purpose in which it was intended.

84.     However, during normal operation, the curing light failed catastrophically and ignited a fire.

85.     As the designer, manufacturer, and/or distributor of the curing light, Vector had a duty to all those who could be foreseeably injured by its product to not sell any curing light that could cause damage through no fault of the user.

86.     Vector fell short of this duty when it failed to provide a defect- curing light that could safely operate.

87.     The curing light was defectively designed for many reasons, including the fact it failed catastrophically instead of simply failing to operate.

88.     In the alternative, the curing light was improperly manufactured such that the screening device deviated from the design specifications and performance standards for otherwise identical products.

89.     In the alternative, Vector did not adequately warn its customers, including Leslie Miller, DDS, that the screening device was defective and unreasonably dangerous when put to a reasonably anticipated use.

90.     As a direct and proximate result of the defective screening device, Plaintiff incurred damages in excess of Seventy-Five Thousand Dollars ($75,000).

13

## COUNT XI – BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES AGAINST VECTOR

91.     Plaintiff incorporates by reference all the above paragraphs as if fully restated herein.

92.     In addition to designing, manufacturing, and/or distributing curing light, Vector also was in the business of selling, marketing, and/or advertising its products to customers, including the curing light at issue.

93.     In so selling, marketing and/or advertising these products, Vector made various express and/or implied warranties about the performance of the products, including the curing light at issue.

94.     Vector violated these warranties in many ways, including but not limited to the following:

        a.  Designing the curing light in such a way that made it defective and unreasonably dangerous when put to a reasonably anticipated use;

        b.  Manufacturing the curing light in such a way that left it defective and unreasonably dangerous when put to a reasonably anticipated use;

        c.  Failing to adequately warn customers against the fact the curing light was defective and unreasonably dangerous when put to a reasonably anticipated use; and

        d.  Otherwise violating its express and/or implied warranties.

95.     As a direct and proximate result of these breach of warranties, Plaintiff incurred damages in excess of Seventy-Five Thousand Dollars ($75,000).

## COUNT XII – NEGLIGENCE AGAINST VECTOR

96.     Plaintiff incorporates by reference all the above paragraphs as if fully restated herein.

97.     Vector is in the business of designing, manufacturing, distributing, selling, marketing, and/or selling curing light.  In doing so, Vector owed a duty of reasonable care to customers like Leslie Miller DDS.

98.     Vector violated this duty in many ways, including but not limited to the following:

   a.  Designing the curing light in such a way that made it defective and unreasonably dangerous when put to a reasonably anticipated use;

   b.  Manufacturing the curing light in such a way that left it defective and unreasonably dangerous when put to a reasonably anticipated use;

   c.  Failing to adequately warn customers against the fact the curing light was defective and unreasonably dangerous when put to a reasonably anticipated use; and

   d.  Otherwise violating its duty of reasonable care.

99.     As a direct and proximate result of this negligence, Plaintiff incurred damages in excess of Seventy-Five Thousand Dollars ($75,000).

WHEREFORE, Plaintiff respectfully requests judgment against Defendants for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000), pre-judgment interest, post-judgment interest, costs, reasonable attorneys' fees, and all other relief considered by this Court to be reasonable and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, demands a trial by jury on all issues so triable.

15

GATES, SHIELDS FERGUSON
SWALL HAMMOND, P.A.

By: \s\ Court T. Kennedy
Court T. Kennedy #22067
10990 Quivira, Suite 200
Overland Park, Kansas  66210
(913) 661-0222 Telephone
(913) 491-6398 Facsimile
CKennedy@gatesshields.com
ATTORNEYS FOR PLAINTIFF

16

ELECTRONICALLY FILED
2020 Jul 21 PM 4:20
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER:  2020-CV-000189

Hartford Fire Insurance Company as subrogee of Lee

vs.

Designs for Vision, Inc. et. al.

**SUMMONS**

To the above-named Defendant/Respondent:

**Designs for Vision, Inc.**

**4000 Veterans Memorial Highway**

**Bohemia, NY  11716-1024**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Court T. Kennedy

10990 Quivira

Suite 200

Overland Park, KS 66210

within 21 days after service of summons on you.

Clerk of the District Court
Electronically signed  on 07/22/2020 09:14:01 AM

**Documents to be served with the Summons:**

PLE: Petition Petition

ELECTRONICALLY FILED
2020 Jul 21 PM 4:20

Hartford Fire Insurance Company as subrogee of Lee CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER:  2020-CV-000189
vs.

Designs for Vision, Inc. et. al.

**SUMMONS**

To the above-named Defendant/Respondent:

**Brasseler USA, INC.**
**Corporation Service Company**
**40 Technology Parkway South**
**Suite 300**
**Norcross, GA  30092**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Court T. Kennedy
10990 Quivira
Suite 200
Overland Park, KS 66210

within 21 days after service of summons on you.

Clerk of the District Court
Electronically signed  on 07/22/2020 09:14:01 AM

**Documents to be served with the Summons:**
PLE: Petition Petition

ELECTRONICALLY FILED
2020 Jul 21 PM 4:20

Hartford Fire Insurance Company as subrogee of Lee CLERK OF THE DOUGLAS COUNTY DISTRICT COURT

vs.                                           CASE NUMBER:  2020-CV-000189

Designs for Vision, Inc. et. al.

**SUMMONS**


To the above-named Defendant/Respondent:

> **NSK Americas Inc.**
> **CSC-Lawyers Incorporating**
> **Service Company**
> **601 Abbot Road**
> **East Lansing, MI  48823**


You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

> Court T. Kennedy
> 10990 Quivira
> Suite 200
> Overland Park, KS 66210


within 21 days after service of summons on you.


Clerk of the District Court

Electronically signed  on 07/22/2020 09:14:01 AM


**Documents to be served with the Summons:**

PLE: Petition Petition

ELECTRONICALLY FILED
2020 Aug 05 AM 11:59
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-000189

**IN THE SEVENTH JUDICIAL DISTRICT**
**DISTRICT COURT OF DOUGLAS COUNTY, KANSAS**
**CIVIL DIVISION**

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, <br> as subrogee of Leslie Miller DDS,      ) <br>      ) <br> Plaintiff,      ) <br>      ) <br> v.      ) <br>      ) <br> DESIGNS FOR VISION, INC., *et al.*      ) <br>      ) <br> Defendants.      ) <br> _____ ) | Case No.: 2020-CV-000189 <br> Division No.: |

**ENTRY OF APPEARANCE**

COMES NOW Kaylie E. Schmutz, of GATES SHIELDS FERGUSON SWALL

HAMMOND, P.A., and enters her appearance in the above-captioned matter as attorney of record

for Plaintiff, HARTFORD FIRE INSURANCE COMPANY, as subrogee of Leslie Miller DDS.

> **GATES, SHIELDS FERGUSON**
> **SWALL HAMMOND, P.A.**
>
> By: /s/ Kaylie E. Schmutz
> Kaylie E. Schmutz #28207
> Court T. Kennedy #22067
> 10990 Quivira, Suite 200
> Overland Park, Kansas 66210
> (913) 661-0222 Telephone
> (913) 491-6398 Facsimile
> kschmutz@gatesshields.com
> CKennedy@gatesshields.com
> **ATTORNEYS FOR PLAINTIFF**

ELECTRONICALLY FILED
2020 Aug 06 AM 10:37
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-000189

IN THE SEVENTH JUDICIAL DISTRICT
DISTRICT COURT OF DOUGLAS COUNTY, KANSAS
CIVIL DIVISION

HARTFORD FIRE INSURANCE COMPANY, )
as subrogee of Leslie Miller DDS, )
                          )
         Plaintiff,           )       Case No.:  2020-CV-000189
                          )       Division No.:
v.                               )
                          )
DESIGNS FOR VISION, INC., *et al.* )
                          )
         Defendants.       )
                          )

## RETURN OF SERVICE

STATE OF KANSAS         )
                             )ss.
COUNTY OF JOHNSON    )

The undersigned hereby states that the Petition and Summons was served to NSK Americas Inc., CSC-Lawyers Incorporating Service Company, 601 Abbot Road, East Lansing, MI 48823 by the method below on the 27th day of July, 2020.

      __X__       Certified Mail with Return Receipt

      _____       Priority Mail
      _____       Commercial Courier Service
      _____       Overnight Delivery
      _____       Other (please specify):_____



SENDER: *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
NSK Americas Inc.
CSC-Lawyers Incorporating
   Service Company
601 Abbot Road
East Lansing MI 48823

9590 9402 2300 6225 9819 32

2. Article Number *(Transfer from service label)*
7015 0640 0003 1721 8535

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____  ☐ Agent
                   ☐ Addressee
B. Received by *(Printed Name)*  |  C. Date of Delivery
                          7. 27. 2020

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

GATES, SHIELDS FERGUSON
SWALL HAMMOND, P.A.

By: /s/ Court T. Kennedy
Kaylie E. Schmutz #28207
Court T. Kennedy #22067
10990 Quivira, Suite 200
Overland Park, Kansas  66210
(913) 661-0222 Telephone
(913) 491-6398 Facsimile
KSchmutz@gatesshields.com
CKennedy@gatesshields.com
**ATTORNEYS FOR PLAINTIFF**

ELECTRONICALLY FILED
2020 Aug 06 AM 10:37
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-000189

IN THE SEVENTH JUDICIAL DISTRICT
DISTRICT COURT OF DOUGLAS COUNTY, KANSAS
CIVIL DIVISION

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY,<br>as subrogee of Leslie Miller DDS,<br><br>        Plaintiff,<br><br>v.<br><br>DESIGNS FOR VISION, INC., *et al.*<br><br>        Defendants. | )<br>)<br>)<br>)    Case No.:  2020-CV-000189<br>)    Division No.:<br>)<br>)<br>)<br>)<br>)<br>) |

## RETURN OF SERVICE

STATE OF KANSAS        )
                      )ss.
COUNTY OF JOHNSON   )

The undersigned hereby states that the Petition and Summons was served to Vector R&D,
Inc. % Michael McAleenan, 1501 Dock Street, Tacoma, WA 98402-3209 by the method below on
the 27th day of July, 2020.

    X      Certified Mail with Return Receipt

    _____   Priority Mail
    _____   Commercial Courier Service
    _____   Overnight Delivery
    _____   Other (please specify):_____



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

Vector R&D, Inc.
% Michael McAleenan
1501 Dock Street
Tacoma WA 98402-3209

9590 9402 2300 6225 9819 56

2. Article Number *(Transfer from service label)*
7015 0640 0003 1721 8511

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                       ☒ Addressee
B. Received by *(Printed Name)*  C. Date of Delivery
                            7/27

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
  (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
  Delivery
☒ Return Receipt for
  Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
  Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053      Domestic Return Receipt

GATES, SHIELDS FERGUSON
SWALL HAMMOND, P.A.

By: /s/ Court T. Kennedy
Kaylie E. Schmutz #28207
Court T. Kennedy #22067
10990 Quivira, Suite 200
Overland Park, Kansas 66210
(913) 661-0222 Telephone
(913) 491-6398 Facsimile
KSchmutz@gatesshields.com
CKennedy@gatesshields.com
**ATTORNEYS FOR PLAINTIFF**

ELECTRONICALLY FILED
2020 Aug 10 PM 1:02
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-000189

## IN THE SEVENTH JUDICIAL DISTRICT
## DISTRICT COURT OF DOUGLAS COUNTY, KANSAS
## CIVIL DIVISION

HARTFORD FIRE INSURANCE COMPANY,                )
as subrogee of Leslie Miller DDS,               )
                                                )
                Plaintiff,                      )      Case No.:  2020-CV-000189
                                                )      Division No.:
v.                                              )
                                                )
DESIGNS FOR VISION, INC., *et al.*              )
                                                )
                Defendants.                     )
_____)

### RETURN OF SERVICE

STATE OF KANSAS        )
                       ) ss.
COUNTY OF JOHNSON      )

The undersigned hereby states that the Petition and Summons was served to **Brasseler USA, Inc., corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross GA 30092**, by the method below on the 4th day of August, 2020.

     X          Certified Mail with Return Receipt

               Priority Mail
               Commercial Courier Service
               Overnight Delivery
               Other (please specify):_____



SENDER: *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

Brasseler USA, Inc.
Corporation Service Company
40 Technology Parkway South
Suite 300
Norcross GA 30092

9590 9402 2300 6225 9819 70

2. Article Number (Transfer from service label)
7015 0640 0003 1721 8498

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X ☐ Agent / ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
B. Smith    AUG 11 2020
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

GATES, SHIELDS FERGUSON
SWALL HAMMOND, P.A.

By: /s/ Court T. Kennedy
Kaylie E. Schmutz #28207
Court T. Kennedy #22067
10990 Quivira, Suite 200
Overland Park, Kansas  66210
(913) 661-0222 Telephone
(913) 491-6398 Facsimile
KSchmutz@gatesshields.com
CKennedy@gatesshields.com
**ATTORNEYS FOR PLAINTIFF**

**ELECTRONICALLY FILED**
2020 Aug 10 PM 1:02
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-000189

## IN THE SEVENTH JUDICIAL DISTRICT
## DISTRICT COURT OF DOUGLAS COUNTY, KANSAS
## CIVIL DIVISION

| | | |
|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY, as subrogee of Leslie Miller DDS, | ) ) ) | |
| Plaintiff, | ) ) | Case No.:  2020-CV-000189 |
| v. | ) ) | Division No.: |
| DESIGNS FOR VISION, INC., *et al.* | ) ) | |
| Defendants. | ) ) ) | |

### RETURN OF SERVICE

STATE OF KANSAS          )
                                        ) ss.
COUNTY OF JOHNSON    )

The undersigned hereby states that the Petition and Summons was served to **Designs for Vision, Inc., 4000 Veterans Memorial Highway, Bohemia, New York, 11716-1024,** by the method below on the 28th day of July, 2020.

     X          Certified Mail with Return Receipt

_____     Priority Mail
                    Commercial Courier Service
                    Overnight Delivery
                    Other (please specify): _____

---

**SENDER: COMPLETE THIS SECTION**

- Complete Items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Designs for Vision, Inc.
4000 Veterans Memorial Highway
Bohemia NY 11716-1024

9590 9402 2300 6225 9819 63

2. Article Number *(Transfer from service label)*
7015 0640 0003 1721 8504

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                                 ☐ Agent
                                                     ☐ Addressee
B. Received by *(Printed Name)*    C. Date of Delivery
Daniel Sporza                             1/2

D. Is delivery address different from Item 1?  ☐ Yes
    If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature                              ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery   ☐ Registered Mail™
☐ Certified Mail®                              ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery    ☐ Return Receipt for Merchandise
☐ Collect on Delivery                       ☐ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery  ☐ Signature Confirmation Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

PS Form 3811, July 2015 PSN 7530-02-000-9053           Domestic Return Receipt

GATES, SHIELDS FERGUSON
SWALL HAMMOND, P.A.

By: /s/ Court T. Kennedy
Kaylie E. Schmutz #28207
Court T. Kennedy #22067
10990 Quivira, Suite 200
Overland Park, Kansas 66210
(913) 661-0222 Telephone
(913) 491-6398 Facsimile
KSchmutz@gatesshields.com
CKennedy@gatesshields.com
**ATTORNEYS FOR PLAINTIFF**

ELECTRONICALLY FILED
2020 Aug 14 AM 9:33
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER: 2020-CV-000189

## IN THE DISTRICT COURT OF DOUGLAS COUNTY, KANSAS
## CIVIL DEPARTMENT

| | | | |
|---|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY, | ) | | |
| *as subrogee of Leslie Miller DDS*, | ) | Case No.: | 2020-CV-000189 |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| DESIGNS FOR VISION, INC., | ) | | |
| | ) | | |
| BRASSELER USA, INC., | ) | | |
| | ) | | |
| NSK AMERICAS, INC., | ) | | |
| | ) | | |
| FORWARD SCIENCE, LLC, | ) | | |
| | ) | | |
| VECTOR R&D, INC., | ) | | |
| | ) | | |
| Defendants. | ) | | |

## ENTRY OF APPEARANCE

COMES NOW David R. Buchanan, and Taylor L. Connolly of Brown & James, P.C., and hereby enter their appearance as counsel for Defendant Forward Science, LLC.

**BROWN & JAMES, P.C.**

_____/s/ Taylor L. Connolly_____
David R. Buchanan KS #13034
Taylor L. Connolly, KS #26653
2345 Grand Boulevard, Suite 2100
Kansas City, MO 64108
Ph. 816 472-0800
Fax 816 421-1183
Email: dbuchanan@bjpc.com
       tconnolly@bjpc.com
Attorneys for Defendant Forward Science, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August, 2020 the foregoing was electronically filed using the eFlex system, which will send notice of electronic filing to all registered attorneys of record. I further certify that I signed the original of the foregoing and that the original signed copy is maintained at our office. A copy of the above and foregoing was also mailed to counsel:

Court T. Kennedy
Gates, Shields, Ferguson, Swall, Hammond, P.A.
10990 Quivira, Suite 200
Overland Park, KS 66210
*Attorneys for Plaintiff*

Brasseler USA, Inc.
c/o John Patterson
Baker Sterchi Cowden & Rice, LLC
2400 Pershing Road, Suite 500
Kansas City, MO 64108

Designs for Vision, Inc.
4000 Veterans Memorial Highway
Bohemia, New York 11716-1024

NSK Americas, Inc.
CSC-Lawyers Incorporating
601 Abbot Road
East Lansing, Michigan 48823

/s/ Taylor L. Connolly

## IN THE DISTRICT COURT OF DOUGLAS COUNTY, KANSAS
## CIVIL DEPARTMENT

| | | | |
|---|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY, | ) | | |
| *as subrogee of Leslie Miller DDS*, | ) | Case No.: | 2020-CV-000189 |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| DESIGNS FOR VISION, INC., | ) | | |
| | ) | | |
| BRASSELER USA, INC., | ) | | |
| | ) | | |
| NSK AMERICAS, INC., | ) | | |
| | ) | | |
| FORWARD SCIENCE, LLC, | ) | | |
| | ) | | |
| VECTOR R&D, INC., | ) | | |
| | ) | | |
| Defendants. | ) | | |

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:    The District Court of Douglas County, Kansas, as well as all parties and their counsel of record.

Defendant Vector R&D, Inc., (hereinafter "Defendant") hereby gives notice that on the 14th day of August, 2020, it filed its Notice of Removal of the above-captioned matter in the United States District Court for the District of Kansas.  A copy of the Notice of Removal (without accompanying exhibits) is attached hereto as **Exhibit A**.

EXHIBIT B

Respectfully submitted,
**McCOY LEAVITT LASKEY LLC**
Attorneys for the Defendant, Vector R&D, Inc.

Dated: <u>August 14, 2020</u>                By: <u>  /s/ John G. Hansen                      </u>
                                              John G. Hansen          KS SBN 23184
                                              8700 Monrovia Street, Suite 310J
                                              Lenexa, KS  66215
                                              Telephone (913) 647-7504
                                              Fax (262) 522-7020

<u>**CERTIFICATE OF SERVICE**</u>

        I hereby certify that on the 14th day of August, 2020, I sent the foregoing via U.S. Mail and I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record and a copy was mailed via regular U.S Mail to:

Court T. Kennedy                          Designs for Vision, Inc.
Gates, Shields, Ferguson, Swall, Hammond, P.A.    4000 Veterans Memorial Highway
10990 Quivira, Suite 200                  Bohemia, New York 11716-1024
Overland Park, KS 66210
*Attorneys for Plaintiff*                 NSK Americas, Inc.
                                          CSC-Lawyers Incorporating
Brasseler USA, Inc.                       601 Abbot Road
c/o John Patterson                        East Lansing, Michigan 48823
Baker Sterchi Cowden & Rice, LLC
2400 Pershing Road, Suite 500
Kansas City, MO 64108

                                <u>          /s/ John G. Hansen          </u>