**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

HARTFORD FIRE INSURANCE COMPANY,

    Plaintiff,

    v.

FORWARD SCIENCE LLC, et al.,

    Defendants.

Case No. 20-2399-HLT-ADM

**MEMORANDUM AND ORDER NUNC PRO TUNC**

This matter comes before the court on defendant Designs for Vision, Inc's ("Designs") Motion for Leave to File Third Party Complaint and Cross Claims. (ECF 50.) This lawsuit arises out of a fire at a dentist's office that was allegedly caused by battery-powered dental equipment. By way of this motion, Designs seeks leave to file a third-party complaint against Panasonic Corporation of North America ("Panasonic") and crossclaims against Brasseler USA Dental, LLC ("Brasseler"), Forward Science LLC ("Forward"), and Vector R&D, Inc. ("Vector"). As discussed below, the contours of Designs' proposed third-party claims against Panasonic are not clear, and therefore the court denies that aspect of the motion without prejudice. The remainder of the motion as to Designs' proposed crossclaims against Brasseler, Forward, and Vector is denied—both as procedurally improper and because Designs has no plausible claims against them.

**I.  BACKGROUND**

According to the operative complaint, Leslie Miller, DDS ("Miller") operates a dental practice in which he uses devices manufactured and/or distributed by Designs, as well as Brasseler, Forward, and Vector. On or about August 25, 2018, his practice was allegedly set on fire by a battery (or batteries) powering one of these devices. Plaintiff Hartford Fire Insurance Company ("Hartford") is Miller's insurer. Hartford made payments to Miller and on his behalf for damages

incurred in the fire. Hartford then filed this lawsuit in Douglas County District Court as Miller's subrogee. Hartford asserted product liability, breach of warranty, and negligence claims against Designs, Brasseler, Forward, and Vector.[1]  Vector removed the case to federal court. (ECF 1.)

Designs now seeks leave to file a third-party complaint against Panasonic. Designs' proposed pleading asserts that Panasonic manufactured, designed, assembled, tested, inspected, marketed, distributed, and/or sold a lithium-ion battery found at the fire's suspected origin. Designs contends that, to the extent Hartford claims the fire was caused by a malfunctioning battery, "the manufacturer of said battery would be liable for any design defects." (ECF 50 ¶ 9.) Designs denies fault and asserts that Panasonic "has a common law duty to reimburse Designs for any judgment" against Designs "to the extent caused by Panasonic's strict liability, negligence and/or breach of express and/or implied warranty." (ECF 50-1 ¶¶ 4, 6.)

Designs' proposed pleading also seeks to assert crossclaims against Brasseler, Forward, and Vector. (ECF 50 ¶ 8; ECF 50-1 ¶¶ 7-8.) Hartford has since dismissed its claims against Brasseler, Forward, and Vector. (ECF 54-56.) But Designs nevertheless seeks to assert crossclaims against these former defendants "to indemnify Designs for its expenses, attorneys' fees and any assessment of liability found against it." (ECF 50-1 ¶ 8.) Brasseler, Forward, and Vector oppose this aspect of Designs' motion on the grounds that these crossclaims would be futile and meritless. (ECF 53.)

---

[1] Hartford voluntarily dismissed NSK Americas, Inc. on September 22. (ECF 30.) In addition, Hartford misnamed Brasseler as "Brasseler USA, Inc." and later amended its complaint to correct the mistake. (*See* ECF 28-29, 35.)

**II.    ANALYSIS**

    **A.    Third-Party Complaint Against Panasonic**

A defendant may file a third-party complaint against a non-party "who is or may be liable to it for all or part of the claim against it." FED. R. CIV. P. 14(a)(1). Where, as here, a defendant seeks to implead a non-party more than 14 days after serving its original answer, the defendant must obtain leave of court and must show that impleader is proper. *Id.*; *see Admin. Comm. of Wal-Mart Assocs. Health & Welfare Plan v. Willard*, 216 F.R.D. 511, 514 (D. Kan. 2003). Whether to grant leave is within the trial court's sound discretion. *First Nat. Bank of Nocona v. Duncan Sav. & Loan Ass'n*, 957 F.2d 775, 777 (10th Cir. 1992). Rule 14(a) is construed liberally given its purpose to "reduce the multiplicity of litigation." *United of Omaha Life Ins. Co. v. Reed*, 649 F. Supp. 837, 841 (D. Kan. 1986) (citing *United States v. Yellow Cab Co.*, 340 U.S. 543, 556 (1951); *United States v. Acord*, 209 F.2d 709, 712 (10th Cir. 1954)).

Although Rule 14(a) is liberally construed, it "does not permit indiscriminate filing of all third-party complaints." *Lansing Trade Grp., LLC v. OceanConnect, LLC*, No. 12-2090-JTM-GLR, 2013 WL 120158, at *1 (D. Kan. Jan. 9, 2013); *see also U. S. Fid. & Guar. Co. v. Perkins*, 388 F.2d 771, 773 (10th Cir. 1968) ("Rule 14(a) should be liberally construed to accomplish its purpose but it is not a catchall . . . ."). "[I]mpleader is proper only where the third-party defendant's liability is 'in some way derivative of the outcome of the main claim.'" *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1498 (10th Cir. 1983) (quoting *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967)). "Liability is secondary or derivative where [the] plaintiff's success on its claims against defendant establishes defendant's right to relief against the proposed third-party defendant." *White Prompt, Inc. v. David A. Kraft & Assocs., LLC*, No. 20-4030-EFM-JPO, 2020 WL 6343305, at *1 (D. Kan. Oct. 29, 2020) (alteration in original) (quotation omitted). In other

3

words, Rule 14(a) permits "a defendant to bring in parties if liability may be passed on to the impleaded third-party." *Admin. Comm.*, 216 F.R.D. at 514.

Designs has not met its burden to show that impleader is proper here. Designs' proposed third-party complaint consists of only three pages, including eight paragraphs of factual allegations and a prayer for relief. It appears to assert a common law indemnity claim against Panasonic, *i.e.* Panasonic must reimburse or indemnify Designs to the extent that Designs is held liable for damages caused by a defective Panasonic battery. To that extent, the Kansas comparative fault statute set forth at KAN. STAT. ANN. § 60-258a "has eliminated contribution and indemnity among joint tortfeasors in comparative negligence cases." *Hefley*, 713 F.2d at 1498; *see also M. Bruenger & Co. v. Dodge City Truck Stop, Inc.*, 675 P.2d 864, 869 (Kan. 1984) (noting the Kansas Supreme Court has also applied the comparative fault statute to cases involving strict liability in tort and breach of implied warranty). Where comparative fault applies, a defendant "will be liable only for his or her own proportionate fault." *Hefley*, 713 F.2d at 1496; *see also Stueve v. Am. Honda Motors Co.*, 457 F. Supp. 740, 748-49 (D. Kan. 1978) ( explaining that a "defendant in a case governed by [§] 60-258a can be held liable in any event only for that percentage of injury attributable to his fault"). Because Hartford cannot hold Designs liable under § 60-258a for any damages caused by Panasonic, Hartford's proposed common law indemnity claim against Panasonic is not a derivative claim. Indeed, to the extent that Designs argues that "it is entitled to indemnification due to any imbalance in the parties' proportionate fault, such a claim is contrary to Kansas law." *Nolde v. Hamm Asphalt, Inc.*, 202 F. Supp. 2d 1257, 1266-67 (D. Kan. 2002); *see also Atl. Specialty Ins. Co. v. Midwest Crane Repair, LLC*, No. 20-CV-04013-JAR-ADM, 2020 WL 5513594, at *6 (D. Kan. Sept. 14, 2020) (finding a defendant had no "legally cognizable claim for indemnification on the basis of proportionate fault"). Accordingly, Designs cannot implead Panasonic based on a

common law indemnity theory. *See Hefley*, 713 F.2d at 1496-99 (finding no abuse of discretion where the district court declined to permit impleader of alleged joint tortfeasors because § 60-258a bars derivative liability); *White Prompt, Inc.*, 2020 WL 6343305, at *2 (finding impleader improper where the defendant could not be held liable under § 60-258a for the proposed third-party defendants' alleged negligence).

Designs acknowledges that Kansas has adopted comparative fault but contends that the doctrine "does not apply in Kansas fire cases because there, one party can in fact create liability for another." (ECF 59, at 3.)  To support this proposition, Designs cites a case involving a fatal house fire, *Yount v. Deibert*, 147 P.3d 1065 (Kan. 2006) (per curiam).  Designs' reading of *Yount* is flawed.  In *Yount*, the district court concluded that "'a jury could well find that the group activities of the defendants were the likely cause of this fire' but that Yount could not show which particular activity caused the fire or which defendant engaged in that particular activity." *Id.* at 1069.  The district court granted summary judgment for the defendants on the grounds that "the rules of comparative negligence would not allow the jury to find all three defendants 100 percent at fault or to divide fault equally between them." *Id.*  The Kansas Supreme Court reversed.  The court explained that "the potential difficulty with apportioning liability does not preclude [a plaintiff's] claims." *Id.* at 1074.  The court reiterated that § 60-258a applied and that "the jury's duty [was] to decide, based on the evidence presented at trial, the percentages of fault attributable to the parties." *Id.* at 1076.  Designs' assertion that comparative fault does not apply to Kansas cases involving fires is therefore without merit.

Designs seeks leave to file its proposed third-party complaint to "compare the fault of Panasonic" (ECF 50 ¶ 11) and it prays for relief in the form of "common law indemnification" from Panasonic (*id.* at 3). But, under § 60-258a, impleader is not required to assert that a third

5

party is at fault for a plaintiff's alleged damages; courts instead protect defendants' rights by applying "the 'phantom party' concept, whereby the proportionate fault of tortfeasors who cannot be made parties to the suit is nevertheless determined." *Hefley*, 713 F.2d at 1496. Therefore, Designs can compare Panasonic's fault without making Panasonic a party to this lawsuit. *See White Prompt, Inc.*, 2020 WL 6343305, at *3.

Although Designs cannot implead Panasonic on a common law indemnity theory, the court denied Designs' motion to assert third-party claims against Panasonic without prejudice. A claim for express or implied contractual indemnification could be an appropriate basis for impleader. *Nolde*, 202 F. Supp. 2d at 1266; *Baird v. Phillips Petroleum Co.*, 535 F. Supp. 1371, 1378 (D. Kan. 1982) (stating that a "[t]hird-party complaint under Rule 14 contemplates questions of subrogation, or liability under a contract of indemnity"). In this case, the court cannot rule out the possibility that Designs may be attempting to assert some type of contractual claim against Panasonic because Designs' proposed third-party complaint is vague and conclusory. (*See, e.g.*, ECF 50-1 ¶ 6.) Designs may renew its motion to the extent that it seeks leave to file a third-party complaint against Panasonic based on a contractual indemnity theory. But any renewed motion must clearly articulate the basis for a non-frivolous contractual indemnity claim that does not seek to implead Panasonic merely because Panasonic may be a joint tortfeasor. Any such contention would violate the clearly established precedent set forth above. *See* FED. R. CIV. P. 11(b)(2) (attorney who signs a pleading certifies that the claims and other legal contentions are warranted by the law).

### B.     Crossclaims Against Brasseler, Forward, and Vector

Designs' request for leave to file crossclaims against Brasseler, Forward, and Vector is also denied. "A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action."

6

FED. R. CIV. P. 13(g).  Brasseler, Forward, and Vector are no longer coparties because they were dismissed from this case on December 15, 2020.  (ECF 54-56.)  Therefore, Designs cannot assert crossclaims against Brasseler, Forward, and Vector.  *See Wake v. United States*, 89 F.3d 53, 62 (2d Cir. 1996) (finding that the district court properly denied a motion to amend to assert crossclaims against defendants that had already been dismissed from the case); *see also Bowen Eng'g Corp. v. Pac. Indem. Co.*, No. 14-CV-1224-JTM-TJJ, 2014 WL 6908747, at *1 (D. Kan. Dec. 8, 2014) (noting that the court no longer had jurisdiction over a former defendant that the plaintiff had dismissed and denying a motion for leave to file crossclaims against that entity); *Glaziers & Glassworkers Union Local 252 Annuity Fund v. Newbridge Sec., Inc.*, 823 F. Supp. 1188, 1190 (E.D. Pa. 1993) ("A cross-claim cannot be asserted against a party who was dismissed from the action previous to the assertion of the cross-claim.").

Even if the court were to construe this aspect of Designs' motion as seeking leave to assert third-party claims against Brasseler, Forward, and Vector, the court would deny the motion for largely the same reasons discussed above.  As to these former defendants, Designs merely "adopts by reference" Hartford's allegations against them as set forth in the Second Amended Complaint (ECF 50-1 ¶ 7), and Designs attempts to assert common law indemnity claims against them.  These claims are even further afield than Designs' proposed claim against Panasonic because there is no allegation in the record from which anything other than a joint tortfeasor theory could be inferred. As such, to the extent that Designs may seek leave to assert third-party claims for indemnity against them, any such claims would be barred under Tenth Circuit precedent and Kansas law for the same reasons explained above.  *Cf. Nolde*, 202 F. Supp. 2d at 1266-67 (noting that contractual indemnification is a viable claim, but "to the extent [a party] is arguing it is entitled to

7

indemnification due to any imbalance in the parties' proportionate fault, such a claim is contrary to Kansas law").

## III. CONCLUSION

Designs cannot be held liable for damages attributable to the fault of other alleged joint tortfeasors like Panasonic. Impleader on a common law indemnity theory is improper. But because the court cannot ascertain whether Designs may be seeking to assert a contractual indemnity claim against Panasonic, the court denies this aspect of Designs' motion without prejudice. As for Designs' proposed crossclaims against Brasseler, Forward, and Vector, Designs cannot bring crossclaims against those entities because they are no longer parties; they are merely joint tortfeasors. Accordingly, this aspect of Designs' motion is denied.

**IT IS THEREFORE ORDERED** that defendant Designs for Vision, Inc's Motion for Leave to File Third Party Complaint and Cross Claims (ECF 50) is denied without prejudice as to filing a third-party complaint against Panasonic and is otherwise denied.

**IT IS SO ORDERED.**

Dated January 4, 2021, at Topeka, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge